c
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

SECTION P

| | |
|---|---|
| ALAN VIRGIL BRUMFIELD, Plaintiff | CIVIL ACTION NO. 1:15-CV-01883 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| NATCHITOCHES PARISH DETENTION CENTER, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a "Motion for Assistance" (Doc. 36) filed by *pro se* plaintiff Alan Virgil Brumfield ("Brumfield"). Brumfield seeks appointment of counsel to assist him in filing a petition for a writ of certiorari to the United States Supreme Court, or a transfer to a facility with an "adequate law library and legal assistance." (Doc. 36).

I.   Request for Appointment

Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. § 1983.  Under 28 U.S.C. § 1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff.  This language is not significantly different from that of former section 1915(d).  In Mallard v. U.S. Dist. Court for Southern Dist. Of Iowa, 490 U.S. 296, 301-302 (1989), the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel, because federal courts are not empowered under 28 U.S.C. § 1915(d) to make compulsory appointments.

1

"Generally speaking, no right to counsel exists in § 1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. § 1915(d) where 'exceptional circumstances' are present." Robbins v. Maggio, 750 F.2d 405, 412 (5th Cir. 1985) (internal citations omitted).

Even when a plaintiff has nonfrivolous § 1983 claims, a "trial court is not required to appoint counsel ... unless the case presents exceptional circumstances." Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982); see also Jackson v. Cain, 864 F.2d 1235, 1242 (5th Cir. 1989). Though the Fifth Circuit has declined to articulate a "comprehensive definition of exceptional circumstances," Ulmer, 691 F.2d at 213 (quoting Branch v. Cole, 686 F.2d 264, 266 (5th Cir.1982)), the court has supplied factors that a district court should consider in determining whether exceptional circumstances warrant the appointment of counsel, including:

> 1. the type and complexity of the case;
> 2. the petitioner's ability to present and investigate his case;
> 3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and
> 4. the likelihood that appointment will benefit the petitioner, the court, and the defendants by shortening the trial and assisting in just determination.

Naranjo v. Thompson, 809 F.3d 793, 799 (5th Cir.2015), citing Parker v. Carpenter, 978 F.2d 190, 193 (5th Cir.1992) (internal quotation marks and citation omitted). Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel. See Jackson, 864 F.2d. at 1242; Ulmer, 91 F.2d. at 213.

Brumfield contends he is entitled to appointment of counsel for the following reasons: (1) he has limited legal experience and does not have access to any legal

assistance or proper research facilities to perfect his petition for certiorari; and (2) if able to perfect his petition, he could not guarantee it would reach the Supreme Court within the specified time limitations or without being intercepted and/or altered. (Doc. 36).

Brumfield requests appointment of counsel after his case was dismissed with prejudice (Doc. 23), and affirmed by the Fifth Circuit in <u>Brumfield v. Natchitoches Parish Detention Center</u>, 689 Fed.Appx. 309 (5th Cir. 2017) (per curiam). Brumfield has presented this motion to the Court, which reflects his ability to further present and litigate his case. Further, the case is not complex. The legal issues involve the application of well-established and long-standing principles, and the factual issues are simple. This case reveals no exceptional circumstances warranting appointment of counsel.

II. <u>Request for Assistance</u>

Prisoners have a constitutional right of access to the courts. <u>Bounds v. Smith</u>, 430 U.S. 817, 821 (1977). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing…adequate law libraries or adequate assistance from persons trained in the law." <u>Id.</u>

"<u>Bounds</u> did not create an abstract, freestanding right to a law library or legal assistance, [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996). Thus, even in the case of prisoners, no right to legal assistance, let alone counsel, exists without some

3

concrete, particularized injury.  See Id. at 351-52; see also Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999).

Brumfield filed this civil rights complaint (Doc. 5), and amended complaint (Doc. 12), pursuant to 42 U.S.C. § 1983.  Brumfield alleged he is a pretrial detainee in the NPDC.  He named NPDC as the only defendant.  He alleged that while confined there, he was attacked by another inmate, and was denied medical care for his injury.  In his amended complaint, Brumfield claimed he is being denied access to the Court, has not received assistance from inmate counsel, and does not receive adequate time in the law library.  (Doc. 12, p. 5).

Brumfield's § 1983 Complaint was dismissed as frivolous (Doc. 23).  The Fifth Circuit affirmed.  Brumfield, 689 Fed.Appx. at 309.  Brumfield's claim that NPDC officials denied him access to the courts was at issue on appeal.  Id. at 310.  Citing Lewis, the Fifth Circuit noted that the prisoner must show that he was prejudiced by the alleged violation.  Id.  "To establish prejudice, a prisoner must show that his ability to pursue a nonfrivolous legal claim was hindered by the actions of the defendants."  Id. (citing Christopher v. Harbury, 536 U.S. 403, 415 (2002)).  The Fifth Circuit held Brumfield's arguments show that he filed numerous unsuccessful pleadings in various courts.  Id. at 310.  The Fifth Circuit further found Brumfield failed to make the required showing.  Id. at 310.  Brumfield's case is now closed.

To the extent Brumfield seeks to amend his complaint by seeking a transfer for access to the courts, the amendment would be futile since it would not change the substance of his complaint.

Brumfield also seeks to amend his complaint to include a May 19, 2017 Administrative Remedy Procedure ("ARP") grievance regarding the alleged failure of NPDC employees to provide him with postage or copies on May 15 and May 16, 2017. (Doc. 36, p. 12/13). This new claim would need to be filed as a separate action. Additionally, Brumfield will need to properly exhaust ARP prior to filing a complaint for the new grievance.

Brumfield also includes in his request denial of access to the courts regarding both civil and criminal matters before the Tenth Judicial District Court of Louisiana and the State of Louisiana Court of Appeal, Third Circuit. (Doc. 36-1). Those claims are not before this Court.

For these reasons, Brumfield's motion is without merit.

Accordingly,

**IT IS HEREBY ORDERED** that Brumfield's Motion for Assistance (Doc. 36) is **DENIED**.

**THUS DONE AND SIGNED** in chambers in Alexandria, Louisiana, this ___29th___ day of September, 2017.

　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　Joseph H.L. Perez-Montes
　　　　　　　　　　　　　　　　United States Magistrate Judge